UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

PEDRO ALBERTO MONTERROSO NAVAS       *         CIVIL ACTION

versus                               *         NO. 18-6846

JPCC/CORRECT HEALTH, ET AL.          *         SECTION "F"(2)

ORDER AND REASONS

Before the Court is Pedro Alberto Monterroso Navas' motion for reconsideration. For the reasons that follow, the motion is DENIED.

**Background**

Two weeks after entering the United States from his home country of Guatamala, Pedro Alberto Monterroso Navas was charged with murder by state authorities in Jefferson Parish, Louisiana. His four-year incarceration as a pretrial detainee in the Jefferson Parish Correctional Center, where he awaits his murder trial, gave rise to this civil rights lawsuit under 42 U.S.C. § 1983. Proceeding *pro se* and *in forma pauperis*, Monterroso named several defendants including the Jefferson Parish Correctional Health Center and he alleged various claims including inadequate medical

1

care, failure to protect him from inmate violence, interference with mail, denial of rights in connection with his ongoing criminal proceedings, and denial of education opportunities while incarcerated. After a Spears hearing, at which the plaintiff testified in detail about his injuries that form the basis for this lawsuit, Magistrate Judge Wilkinson issued a Report & Recommendation in which he recommended that the Court grant the plaintiff's motion to amend his complaint and also recommended that the Court grant the defendants' motions to dismiss for failure to state a claim, as legally frivolous, or as barred by Heck v. Humphrey, 512 U.S. 477 (1994). On June 6, 2019, the Court adopted the magistrate judge's Report & Recommendations and issued a judgment in favor of the defendants and against the plaintiff, dismissing the plaintiff's claims with prejudice.[1] The plaintiff now moves for reconsideration.

I.

The plaintiff's request for reconsideration is limited. He does not challenge dismissal of his claims, but, rather, he requests that the Court designate that dismissal shall be "without prejudice" rather than "with prejudice." He suggests that

---

[1] Insofar as one or more of the plaintiff's claims were dismissed based on Heck, dismissal was with prejudice unless or until the Heck conditions have been met.

2

dismissal without prejudice is warranted due to: the absence of legal representation and his ignorance of the law, his immigration status, limited law library access in jail, and the potential that the injury to his left eardrum is permanent. Whether his motion is construed as a request for relief under Rule 59 or 60 of the Federal Rules of Civil Procedure, the plaintiff offers no legal basis for reconsideration of this Court's order and judgment dismissing his claims with prejudice. For the reasons already articulated by the magistrate judge, and adopted by this Court, the motion is DENIED.

New Orleans, Louisiana, July 17, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE